108 F.3d 1382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael C. JOHNSON, Defendant--Appellant.
 No. 96-4188.
 United States Court of Appeals, Eighth Circuit.
 March 27, 1997.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 While Michael C. Johnson was serving the supervised release term of his drug trafficking sentence, he was charged with violating three release conditions and the district court[1] held a revocation hearing. At the close of the government's evidence, Johnson moved to dismiss for insufficient evidence the charge that he failed to appear for a urinalysis drop on August 20, 1996. The court denied the motion and at the conclusion of all the evidence found three violations, revoked Johnson's supervised release, and imposed a prison sentence. Johnson appeals. We affirm.
 
 
 2
 During the government's case-in-chief, the probation officer made only a cursory reference to the August 20 violation, prompting Johnson's motion to dismiss. Following denial of that motion, Johnson cross examined the witness, who clarified the government's proof. Thus, the complete hearing record contains clearly sufficient evidence to support the district court's ultimate f finding of an August 20 violation.
 
 
 3
 On appeal, Johnson argues (i) that the district court in denying the motion to dismiss deprived Johnson of a fair revocation hearing by misstating the probation officer's testimony, and (ii) that his motion should have been granted because the government's evidence was in fact insufficient. We have examined the government's case-in-chief and conclude that, while thin, its evidence was sufficient to permit an inference that Johnson violated a release condition on August 20.[2] Regarding the district court's characterization of the probation officer's testimony, to which Johnson did not contemporaneously object, even if the court overstated the strength of that testimony, we fail to see how Johnson was prejudiced so long as the government's evidence was in fact sufficient to survive his motion to dismiss.
 
 
 4
 Accordingly, we affirm. We deny Johnson's pro se objection to no-argument submission of this appeal.
 
 
 
 [1]
 The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We also note that, had the district court been inclined to grant Johnson's motion to dismiss, it might have exercised discretion to permit the government to reopen to establish this element of its case. See United States v. Powers, 572 F.2d 146, 152-53 (8th Cir.1978)